SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Jay M. Goffman
Four Times Square
New York, New York 10036
(212) 735-3000

Nick P. Saggese
Rick C. Madden
Glenn S. Walter
300 South Grand Avenue
Suite 3400
Los Angeles, California 90071
(213) 687-5000

and

KLEE, TUCHIN, BOGDANOFF & STERN LLP
Kenneth N. Klee
Michael L. Tuchin
1999 Avenue of the Stars
Thirty-Ninth Floor
Los Angeles, California 90067
(310) 407-4000

Proposed Counsel for Debtors and
 Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                                   :
In re:                                                             :    Chapter 11
                                                                   :
METRO-GOLDWYN-MAYER STUDIOS                                        :    Case No. 10-15774 (SMB)
INC., et al.,                                                      :
                                                                   :
           Debtors.                                                :    (Motion for Joint Administration Pending)
                                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

**DEBTORS' MOTION FOR ORDER (A) WAIVING CERTAIN CREDITOR LIST
FILING REQUIREMENTS AND (B) AUTHORIZING THE FILING OF A
CONSOLIDATED LIST OF TOP 50 UNSECURED CREDITORS**

Metro-Goldwyn-Mayer Studios Inc. and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby move (the "Motion") the Court for entry of an order under Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Bankruptcy Rules") (a) waiving the requirements applicable to creditor list filings under Local Rule 1007-1 and (b) authorizing the Debtors to file a single consolidated list of the fifty (50) largest unsecured creditors in these bankruptcy cases in lieu of filing a list of each Debtor's twenty (20) largest unsecured creditors under Bankruptcy Rule 1007(d). In support of this Motion, the Debtors rely upon and incorporate by reference the Declaration of Stephen F. Cooper, a member of the Office of the Chief Executive Officer of MGM Holdings Inc., and the Declaration of Steve Hendry, Senior Executive Vice President, Finance of MGM Holdings Inc. (together, the "First-Day Declaration"), filed with the Court concurrently herewith. In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Rule 1007(d) and Local Rule 1007-1.

---

[1] The names of the Debtors in these cases, which the Debtors are separately seeking to have jointly administered, are identified on Exhibit A hereto.

**BACKGROUND**

3. The Debtors are engaged primarily in the development, production, and worldwide distribution of feature films, television programming, interactive media, music, and licensed merchandise. The Debtors' film and television library (the "MGM Library") contains approximately 4,100 theatrically released feature film titles and approximately 10,800 television episodes, and is one of the largest collections of post-1948 feature films in the world. Films in the MGM Library have won over 200 Academy Awards, including fifteen Best Picture Awards. The MGM Library also contains rights to many iconic film and television franchises, including twenty-four titles in the *James Bond* film franchise, six titles in the *Rocky* film franchise, and with respect to the *Stargate* franchise, one film, two direct-to-video titles and several television series, including *Stargate SG-1*, the longest running science fiction series in U.S. television history.

4. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First-Day Declaration.

5. The Debtors continue to operate their businesses and manage their properties as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases. As of the date hereof, no creditors' committee has been appointed.

6. On the Petition Date, the Debtors filed with the Court, among other things, (i) a joint prepackaged plan of reorganization (the "Plan") and (ii) a disclosure statement related

thereto. The Plan provides for the payment in full of all allowed general unsecured claims against the Debtors.

## RELIEF REQUESTED

7. By this Motion, the Debtors seek entry of an order (a) waiving the requirements applicable to creditor list filings pursuant to Local Rule 1007-1 (collectively, the "List Filing Requirements") and (b) authorizing the Debtors to file a single consolidated list of the fifty (50) largest unsecured creditors in these bankruptcy cases (the "Consolidated Top 50 List"), rather than a list of each Debtor's twenty (20) largest unsecured creditors (the "Top 20 List"), excluding insiders, pursuant to Bankruptcy Rule 1007(d).

8. The Debtors request that the relief granted with respect to this Motion apply to any additional debtor in these chapter 11 cases (each, an "Additional Debtor") without further order of the Court. The Debtors propose that a debtor be deemed an Additional Debtor upon the filing of a motion to have such debtor's chapter 11 case jointly administered with the chapter 11 cases of the Debtors.

## BASIS FOR RELIEF

**A. The Court Should Waive the List Filing Requirements**

9. Under the List Filing Requirements, lists, schedules, and statements filed pursuant to Bankruptcy Rule 1007 must comply with the Court's standing orders. S.D.N.Y. LBR 1007-1; Comment to S.D.N.Y. LBR 1007-1. Amended General Order M-138 (the "General Order") requires, among other things, that creditor lists filed with the Court be formatted in a particular manner and that lists be filed individually by each Debtor. See Gen. Ord. M-138.

10. The Debtors have filed, or will soon file, a motion to retain a claims and noticing agent (the "Noticing Agent") as agent for the Clerk of Court ("Clerk") to assist the Clerk

with, among other things, the notices to be provided in these bankruptcy cases. The Noticing Agent has prepared a consolidated list of creditors and potential parties in interest (the "Creditor List") based on the names and addresses that the Debtors maintained in their databases or were otherwise readily ascertainable by the Debtors before the Petition Date. The Debtors have provided to the Clerk a physical copy and an electronic copy of the Creditor List. The Creditor List is in a format ordinarily used by the Noticing Agent and might not comply with all or some the various List Filing Requirements.

11. Under the circumstances, re-formatting the Creditor List and otherwise complying with the List Filing Requirements will impose unnecessary administrative burdens on, and will distract, the Debtors, without any corresponding benefit to the estates. Accordingly, the Debtors request that the Court waive the List Filing Requirements and deem the Creditor List submitted to the Clerk to be adequate and sufficient.

12. To ensure the availability of a current master mailing list to all parties in these cases, the Debtors propose to provide, themselves or through the Noticing Agent, an updated Creditor List to the Clerk on a regular basis.

**B.     The Court Should Authorize the Debtors to File a Single Consolidated Top 50 List**

13. Apart from the List Filing Requirements, Bankruptcy Rule 1007(d) requires a debtor to file a Top 20 List containing information on its twenty largest unsecured creditors, excluding insiders. Fed. R. Bankr. P. 1007(d). The Top 20 List is used to facilitate the appointment of a creditors' committee by the United States Trustee (the "U.S. Trustee"). See In re Dandy Doughboy Donuts, Inc., 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986) ("The purpose of the separate list of 20 largest creditors required by [Bankruptcy Rule 1007(d)] is to enable the clerk to identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. 1102(a)(1)."). Under this Court's *Amended Procedural Guidelines*

*for Prepackaged Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of New York*, Administrative Order 387, amending General Order 203, it is presumed that no creditors' committee will be appointed in these chapter 11 cases because the Plan leaves unsecured creditors unimpaired. If nonetheless a creditors' committee is ultimately deemed appropriate, the Consolidated Top 50 List will be sufficient to aid in the U.S. Trustee's appointment of a creditors' committee. As with the List Filing Requirements discussed above, requiring each of the Debtors to file a Top 20 List would be unduly burdensome, with little, if any, attendant value to the Debtors' estates or the U.S. Trustee. Accordingly, the Debtors request that the Court waive the requirement that each of the Debtors file a Top 20 List and instead authorize the Debtors to file a single Consolidated Top 50 List.

## REQUEST FOR WAIVER OF ANY APPLICABLE STAY

14. As discussed above, the relief sought by this Motion is critical to the Debtors' continuing business operations and is therefore in the best interests of the estates. In order to avoid delay in implementing the relief sought herein, the Debtors request that the Court waive any stay that might apply to an order on this Motion, such that any order on this Motion will be effective immediately upon entry.

## NOTICE

15. Notice of this Motion has been given to (a) the U.S. Trustee for the Southern District of New York; (b) counsel to the administrative agent under the Debtors' prepetition credit agreement; and (c) the parties listed in the consolidated list of fifty (50) largest unsecured creditors filed by the Debtors in these bankruptcy cases. The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

16. No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit B</u>, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: New York, New York
November 3, 2010

        SKADDEN, ARPS, SLATE, MEAGHER
         & FLOM LLP

By:    */s/ Jay M. Goffman*
      Jay M. Goffman
      Four Times Square
      New York, New York 10036
      (212) 735-3000

      Nick P. Saggese
      Rick C. Madden
      Glenn S. Walter
      300 South Grand Avenue
      Suite 3400
      Los Angeles, California 90071
      (213) 687-5000

      and

      KLEE, TUCHIN, BOGDANOFF & STERN LLP
      Kenneth N. Klee
      Michael L. Tuchin
      1999 Avenue of the Stars
      Thirty-Ninth Floor
      Los Angeles, California 90067
      (310) 407-4000

      Proposed Counsel for Debtors and
        Debtors in Possession

7

555663-Los Angeles Server 1A - MSW