SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Jay M. Goffman
Four Times Square
New York, New York 10036
(212) 735-3000

Nick P. Saggese
Rick C. Madden
Glenn S. Walter
300 South Grand Avenue
Suite 3400
Los Angeles, California 90071
(213) 687-5000

and

KLEE, TUCHIN, BOGDANOFF & STERN LLP
Kenneth N. Klee
Michael L. Tuchin
1999 Avenue of the Stars
Thirty-Ninth Floor
Los Angeles, California 90067
(310) 407-4000

Proposed Counsel for Debtors and
 Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                 :
In re:                                                           : Chapter 11
                                                                 :
METRO-GOLDWYN-MAYER STUDIOS INC.,                                : Case No. 10-15774 (SMB)
et al.,                                                          :
                                                                 :
         Debtors.                                                : (Motion for Joint Administration Pending)
                                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR ORDER SHORTENING TIME FOR NOTICE OF HEARING TO CONSIDER THE DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105 AND 1127 AND FED. R. BANKR. P. 3019(a) (I) FINDING THAT PLAN MODIFICATIONS ARE NON-MATERIAL AND (II) DEEMING THE PLAN, AS MODIFIED, AS ACCEPTED BY CLASS 3 CREDITORS WHO PREVIOUSLY ACCEPTED THE PLAN**

Metro-Goldwyn-Mayer Studios Inc. and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby move (the "Motion") the Court for entry of an order under Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") shortening the time for notice of the hearing to consider the Debtors' Motion for Order Under 11 U.S.C. §§ 105 And 1127 And Fed. R. Bankr. P. 3019(a) (I) Finding That Plan Modifications Are Non-Material And (II) Deeming The Plan, As Modified, As Accepted By Class 3 Creditors Who Previously Accepted The Plan (the "Plan Modification Motion"),[2] filed concurrently herewith and incorporated by reference. In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Jay M. Goffman, attached hereto as Exhibit B. In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

**JURISDICTION**

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Rule 9006(c) and Local Bankruptcy Rule 9006-1(b).

---

[1] The names of the Debtors in these cases, which the Debtors are separately seeking to have jointly administered, are identified on Exhibit A hereto.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan Modification Motion.

**BACKGROUND**

1. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First-Day Declaration.

2. The events leading up to the negotiation of the proposed Plan Modifications are set forth in detail in the Plan Modification Motion.

3. On the Petition Date, the Debtors filed with the Court, among other things, (a) a joint prepackaged plan of reorganization (the "Plan") and (b) a disclosure statement related thereto (the "Disclosure Statement").

**RELIEF REQUESTED**

4. By this motion, the Debtors seek entry of an order (i) shortening the notice period for the Plan Modification Motion such that it may be heard by the Court within ten (10) days following the Petition Date and (ii) requiring that objections to the Plan Modification Motion, if any, be filed and served so that they are received no later than 4:00 p.m. Prevailing Eastern Time two (2) days before the hearing on the Plan Modification Motion.

**BASIS FOR RELIEF**

5. Local Bankruptcy Rule 9006-1(b) provides that, "Unless the Court orders otherwise, all other motion papers shall be served at least 14 days before the return date. Where such service is made, any answering papers shall be served so as to ensure actual receipt not later than seven days before the return date." LBR 9006-1(b). Bankruptcy Rule 9006(c)(1) and Local Bankruptcy Rule 9006-1(b) authorize the Court, for cause shown, to reduce the notice period required for a hearing.

6. Cause exists to shorten the time for notice of the hearing on the Plan Modification Motion. The relief requested in the Plan Modification Motion is time sensitive.

The exigencies of these chapter 11 cases require the expeditious effectuation of the Plan. Specifically, prompt confirmation of the Plan is necessary for the Debtors to be able to move forward with production of critical franchise properties and avoid a liquidity shortfall.

7. The Debtors received overwhelming support from their Lenders for the Plan. Despite having sufficient votes to confirm the Plan, the Subcommittee continued to solicit feedback from, and try to find common ground with certain Lenders and significant holders of Class 3 claims, including affiliates of Mr. Carl Icahn which would own a significant amount of stock of the reorganized Debtors under the Plan. Ultimately, the Subcommittee, the Debtors, Spyglass and the C/G Stockholders agreed to certain proposed amendments to the Transaction Documents. The Debtors believe that the proposed amendments are non-material. The Plan Modifications provide for certain corporate governance provisions to be modified and the elimination of the contribution of assets by C/G. Based on these Plan Modifications, Mr. Icahn will support the Plan (including the conversion of the Lenders' debt to equity in reorganized Holdings and the appointment of Messrs. Barber and Birnbaum as co-Chief Executive Officers of reorganized Holdings).

8. In order to facilitate the prompt confirmation of the Plan, the Debtors are requesting that the notice period for the hearing on the Plan Modification Motion be shortened. A ruling by the Court on the Plan Modification Motion well in advance of the hearing on confirmation of the Plan will enable the Debtors to seek prompt confirmation of the Plan. If the Plan Modification Motion is granted, and the Debtors are able to timely negotiate definitive documents incorporating such changes, the Debtors will seek confirmation of the Plan as modified by the Plan Modifications. Alternatively, if the Plan Modification Motion is denied the

Debtors will have the option to either: (a) solicit votes solely on the Plan Modifications, subject to approval of this Court or (b) seek confirmation of the Plan without the Plan Modifications.

9. For the reasons set forth herein, the Debtors request that the Court shorten time for notice of a hearing on the Plan Modification Motion.

**NOTICE**

10. Notice of this Motion has been given to (a) the United States Trustee for the Southern District of New York; (b) counsel to the administrative agent under the Debtors' prepetition credit agreement; and (c) the parties listed in the consolidated list of fifty (50) largest unsecured creditors filed by the Debtors in these bankruptcy cases. The Debtors submit that no other or further notice need be provided.

**NO PRIOR REQUEST**

11. No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request this Court enter an order, substantially in the form annexed hereto as <u>Exhibit C</u>, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: New York, New York
       November 3, 2010

                      SKADDEN, ARPS, SLATE, MEAGHER
                          & FLOM LLP

By:    <u>/s/ Jay M. Goffman</u>
       Jay M. Goffman
       Four Times Square
       New York, New York 10036
       (212) 735-3000

       Nick P. Saggese
       Rick C. Madden
       Glenn S. Walter
       300 South Grand Avenue
       Suite 3400
       Los Angeles, California 90071
       (213) 687-5000

       and

       KLEE, TUCHIN, BOGDANOFF & STERN LLP
       Kenneth N. Klee
       Michael L. Tuchin
       1999 Avenue of the Stars
       Thirty-Ninth Floor
       Los Angeles, California 90067
       (310) 407-4000

       Proposed Counsel for Debtors and
         Debtors in Possession