# EXHIBIT B

**Declaration of Jay M. Goffman**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re: : Chapter 11
:
METRO-GOLDWYN-MAYER STUDIOS : Case No. 10-15774 (SMB)
INC., et al., :
:
Debtors. : (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF JAY M. GOFFMAN IN SUPPORT OF DEBTORS' MOTION FOR ORDER SHORTENING TIME FOR NOTICE OF HEARING TO CONSIDER THE DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105 AND 1127 AND FED. R. BANKR. P. 3019(a) (I) FINDING THAT PLAN MODIFICATIONS ARE NON-MATERIAL AND (II) DEEMING THE PLAN, AS MODIFIED, AS ACCEPTED BY CLASS 3 CREDITORS WHO PREVIOUSLY ACCEPTED THE PLAN**

I, Jay M. Goffman, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

        1.      I am a member of the firm of Skadden, Arps, Slate, Meagher & Flom LLP, which maintains offices for the practice of law at, among other locations, Four Times Square, New York, New York 10036-6522. I am admitted, practicing, and a member in good standing of the bars of the State of New York and the United States District Court for the Southern District of New York. I submit this declaration and statement in support of the Debtors' motion to shorten the notice period (the "Motion to Shorten") for the Debtors' Motion for Order Under 11 U.S.C. §§ 105 and 1127 and Fed. R. Bankr. P. 3019(a) (I) Finding that Plan Modifications are Non-Material and (II) Deeming the Plan, as Modified, as Accepted by Class 3 Creditors Who Previously Accepted the Plan (the "Plan Modification Motion"),[1] filed contemporaneously herewith by the debtors and debtors in possession in the above-captioned cases (collectively, the

---
[1] Unless otherwise defined, capitalized terms used herein have the meanings ascribed to them in the Motion.

"Debtors").[2]  Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

2.  Pursuant to the Plan Modification Motion, the Debtors seek entry of an order (a) finding that the proposed Plan Modifications are non-material and do not adversely change the treatment of the claim of any creditor or interest of any equity security holder, and therefore (b) deeming that the Plan, as modified by the Plan Modifications, has been accepted by holders of Class 3 claims who previously accepted the Plan.

3.  As described more fully in the Motion to Shorten, the Debtors request that the Plan Modification Motion be heard within ten (10) days following the Petition Date.

4.  Ample cause exists to expedite approval of the Plan Modification Motion. The relief requested in the Plan Modification Motion is time sensitive as the Debtors wish to assure all parties in interest far in advance of a hearing on confirmation of the Plan that there is indeed a consensual plan of reorganization.

5.  The exigencies of these chapter 11 cases require the expeditious effectuation of the Plan.  Specifically, prompt confirmation of the Plan is necessary for the Debtors to be able to move forward with production of critical franchise properties and avoid a liquidity shortfall.  Prior to the negotiation of the Plan Modifications, the only impaired class of creditors or interests under the Plan, Class 3 Credit Agreement claims, had already voted to accept the Plan.  The Plan Modifications were made in order to try to find common ground with certain Lenders and significant holders of Class 3 claims, including affiliates of Mr. Carl Icahn which would own a significant amount of stock of the reorganized Debtors under the Plan.

---

[2]  The names of the Debtors in these jointly administered cases are identified on Exhibit A to the Motion to Shorten.

2

Ultimately, the Subcommittee, the Debtors, Spyglass and the C/G Stockholders agreed to certain proposed amendments to the Transaction Documents. The Plan Modifications provide for certain corporate governance provisions to be modified and the elimination of the contribution of assets by C/G. Based on these Plan Modifications, Mr. Icahn will support the Plan (including the conversion of the Lenders' debt to equity in reorganized Holdings and the appointment of Messrs. Barber and Birnbaum as co-Chief Executive Officers of reorganized Holdings).

6. In order to facilitate the prompt confirmation of the Plan, the Debtors are requesting that the notice period for the hearing on the Plan Modification Motion be shortened. A ruling by the Court on the Plan Modification Motion well in advance of the hearing on confirmation of the Plan will enable the Debtors to seek prompt confirmation of the Plan. If the Plan Modification Motion is granted, and the Debtors are able to timely negotiate definitive documents incorporating such changes, the Debtors will seek confirmation of the Plan as modified by the Plan Modifications. Alternatively, if the Plan Modification Motion is denied the Debtors will have the option to either: (a) solicit votes solely on the Plan Modifications, subject to approval of this Court or (b) seek confirmation of the Plan without the Plan Modifications.

7. For the foregoing reasons, and to allow the Debtors to effectuate the Plan expeditiously, the Debtors request that the Court shorten time for notice of a hearing on the Plan Modification Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of November, 2010.

                                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                        */s/ Jay M. Goffman*
                                        Jay M. Goffman
                                        Four Times Square
                                        New York, New York 10036
                                        Telephone: (212) 735-3000
                                        Facsimile: (212) 735-2000
                                        Jay.Goffman@skadden.com