UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                      :    Chapter 11
                                            :
METRO-GOLDWYN-MAYER STUDIOS                  :    Case No. 10-15774 (SMB)
INC., <u>et al.</u>,                         :
                                            :
            Debtors.        :    (Jointly Administered)
                                            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(a) AND 329 AND FED. R. BANKR. P. 2014 AND 2016 AUTHORIZING EMPLOYMENT AND RETENTION OF KLEE, TUCHIN, BOGDANOFF & STERN LLP AS BANKRUPTCY CO-COUNSEL TO THE DEBTORS EFFECTIVE AS OF PETITION DATE**

       The debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>")[1] hereby apply (the "<u>Application</u>") for entry of an order, under sections 327(a) and 329 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "<u>Local Bankruptcy Rules</u>"), authorizing the employment and retention of Klee, Tuchin, Bogdanoff & Stern LLP ("<u>KTB&S</u>" or the "<u>Firm</u>")[2] as bankruptcy co-counsel for the Debtors effective as of the date of commencement of these cases.  In support of this Application, the Debtors rely on the *Declaration of Kenneth N. Klee in Support of Debtors' Application for Order Under 11 U.S.C. §§ 327(a) and 329 and Fed. R. Bankr. P. 2014 and 2016 Authorizing Employment and Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Bankruptcy Co-Counsel*

---

[1]       The names of the Debtors in these jointly administered cases are identified on <u>Exhibit A</u> hereto.

[2]       KTB&S is located at 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067.  The contact information for its principal contact in these cases, Michael L. Tuchin, is telephone: 310-407-4000, facsimile: 310-407-9090 and email: mtuchin@ktbslaw.com.

to the Debtors Effective as of Petition Date (the "Klee Declaration")[3] and the Declaration of

Stephen F. Cooper, a member of the Office of the Chief Executive Officer of MGM Holdings

Inc. (the "First-Day Declaration"), each filed contemporaneously herewith.  In further support of

the Application, the Debtors respectfully represent as follows:

JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Application pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and

this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory

predicates for the relief requested herein are Bankruptcy Code sections 327(a) and 329.  Such

relief is also warranted pursuant to Bankruptcy Rules 2014 and 2016, and Local Bankruptcy

Rules 2014-1 and 2016-1.

BACKGROUND

2.    The Debtors are engaged primarily in the development, production and

worldwide distribution of feature films, television programming, interactive media, music, and

licensed merchandise.  The Debtors' film and television library (the "MGM Library") contains

approximately 4,100 theatrically released feature film titles and approximately 10,800 television

episodes, and is one of the largest collections of post-1948 feature films in the world.  Films in the

MGM Library have won over 200 Academy Awards, including fifteen Best Picture Awards.  The

MGM Library also contains rights to many iconic film and television franchises, including twenty-

four titles in the *James Bond* film franchise, six titles in the *Rocky* film franchise, and with respect

to the *Stargate* franchise, one film, two direct-to-video titles, and several television series,

including *Stargate SG-1*, the longest running science fiction series in U.S. television history.

---

[3]        A copy of the Klee Declaration is attached hereto as Exhibit C.

3.    On November 3, 2010 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.  The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First-Day Declaration.

4.    The Debtors continue to operate their businesses and manage their properties as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.  As of the date hereof, no creditors' committee has been appointed.

5.    On the Petition Date, the Debtors filed with the Court, among other things, (i) a Joint Prepackaged Plan of Reorganization (the "Plan") and (ii) a disclosure statement related thereto.  The Plan provides for the payment in full of all allowed general unsecured claims against the Debtors.

**RELIEF REQUESTED**

6.    By this Application, the Debtors seek to employ and retain KTB&S, effective as of the Petition Date, as their bankruptcy co-counsel with regard to the prosecution of their chapter 11 cases.  Accordingly, the Debtors respectfully request entry of an order pursuant to Bankruptcy Code sections 327(a) and 329 authorizing each of them to employ and retain KTB&S as their bankruptcy co-counsel, effective as of the Petition Date, to perform legal services that will be necessary during these chapter 11 cases as more fully described below.

7.    The Debtors request that any relief granted with respect to this Application apply to any additional debtor in these chapter 11 cases (each, an "Additional Debtor") without further order of the Court.  The Debtors propose that a debtor be deemed to be an Additional

Debtor upon the filing of a motion to have such debtor's chapter 11 case jointly administered with the chapter 11 cases of the Debtors.

## BASIS FOR RELIEF

8.     KTB&S has represented the Debtors and certain of their non-debtor affiliates on various matters since at least 2003.  Commencing in January 2009, KTB&S began working with the Debtors and their financial and other legal advisors to work out the Debtors' financial difficulties, including a possible restructuring of the Debtors' financial affairs and capital structure and, as necessary, preparation of documents related to, and representation in, any reorganization cases filed under chapter 11 of the Bankruptcy Code.  A copy of KTB&S's Engagement Agreement is attached as Exhibit 2 to the Klee Declaration.

9.     The Debtors selected KTB&S as their restructuring bankruptcy co-counsel because of the Debtors' prior experience with KTB&S and KTB&S's extensive experience and knowledge of the chapter 11 bankruptcy process.  During the course of its prepetition representation of the Debtors, and in preparing for its representation of the Debtors in these cases, KTB&S has become familiar with the Debtors' business and financial affairs, the Debtors' capital structure, financing documents, and other material agreements, and many of the potential legal issues that may arise in the context of these chapter 11 cases.

10.     KTB&S has worked closely with the Debtors and Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden, Arps"), the Debtors' bankruptcy counsel, with respect to the Debtors' restructuring efforts and will continue to carefully coordinate the services provided with Skadden, Arps to avoid unnecessary duplication of services in these cases.

## SERVICES TO BE RENDERED

11.     The Debtors have filed these cases as a prepackaged chapter 11 reorganization (a "Prepack").  It is important to note that under the Plan, if confirmed as filed, all

<u>allowed unsecured creditors' claims will be paid in full</u>.  The only impaired class under the Plan

(other than equity interests that will be canceled) will be the holders of claims under that certain

Credit Agreement, dated as of April 8, 2005, and that class has voted to accept the Plan.

12.    Because these cases have been filed as a Prepack, they will require, if

successful, less than the full range of services performed in traditional chapter 11 cases.

Nevertheless, the Debtors have requested that KTB&S and Skadden, Arps continue to represent

them with respect to the following services:

(a)    providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their businesses and management of their properties;

(b)    preparing on behalf of the Debtors necessary applications, motions, answers, orders, reports, and other legal papers;

(c)    appearing in Court on behalf of the Debtors and in order to protect the interests of the Debtors before the Court;

(d)    preparing and pursuing confirmation of a plan(s) and approval of a disclosure statement(s) and/or a sale(s) of the Debtors' assets pursuant to section 363 of the Bankruptcy Code; and

(e)    performing other legal services for the Debtors that may be necessary and proper in these proceedings.

13.    It is necessary and essential that the Debtors, as debtors in possession,

employ attorneys to render the foregoing professional services.  KTB&S has indicated a

willingness to act with Skadden, Arps on behalf of, and render such services to, the Debtors.

## DISINTERESTEDNESS OF PROFESSIONALS

14.    To the best of the Debtors' knowledge, and except as otherwise set forth

herein and in the accompanying Klee Declaration, the members and associates of KTB&S do not

have any connection with any of the Debtors, their affiliates, their creditors, or any other party in

interest, or their respective attorneys and accountants, the United States Trustee for the Southern

District of New York or any person employed in the office of the same, or any judge in the

Bankruptcy Court for the Southern District of New York or any person employed in the offices

of the same.

15.   As set forth in the Klee Declaration, KTB&S has in the past represented,

currently represents, and likely in the future will represent certain parties in interest in these

cases in matters unrelated to the Debtors, the Debtors' chapter 11 cases, or such entities' claims

against or interests in the Debtors.

16.   The Debtors understand that except as otherwise set forth in the Klee

Declaration:

    (a)    Neither KTB&S nor any attorney at the Firm holds or represents an interest adverse to the Debtors' estates.

    (b)    Neither KTB&S nor any attorney at the Firm is or was a creditor or an insider of the Debtors, except that KTB&S previously has rendered legal services to the Debtors for which it has been compensated as disclosed below.

    (c)    Neither KTB&S nor any attorney at the Firm is or was, within two years before the Petition Date, a director, officer, or employee of the Debtors.

    (d)    KTB&S does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

17.   In view of the foregoing, the Debtors believe that KTB&S is a "disinterested

person" within the meaning of Bankruptcy Code section 101(14), as modified by Bankruptcy

Code section 1107(b).

## PROFESSIONAL FEES AND EXPENSES

18.   For professional services, KTB&S's fees are based on its standard hourly

rates, which are periodically adjusted. KTB&S's professional billing rates for 2010 are as

follows:

|                        |            |
| ---------------------- | ---------- |
| Partners & Of-Counsel  | $550-975   |
| Associates             | $375-490   |
| Paralegals             | $250       |
| Law Clerks             | $170       |

19.    The Debtors are advised that the hourly rates set forth above are subject to annual increases, in the normal course of the Firm's business.  KTB&S will provide notice of any such rate increases to the Debtors, the United States Trustee for the Southern District of New York, and the Court.

20.    It is KTB&S's practice to charge its clients for expenses incurred in connection with their cases.  The expenses charged to clients include, among other things, charges for messenger services, air couriers, photocopying, court fees, travel expenses, postage for large mailings, long distance telephone, computerized legal research facilities, investigative searches, and other charges customarily invoiced by law firms in addition to fees for legal services.  Third party expenses incurred by KTB&S are charged at their actual cost to KTB&S without surcharge.  KTB&S does not charge its clients for word processing or secretarial overtime.

21.    As of November 1, 2009, KTB&S held a retainer (the "Retainer") in the amount of $204,336.80 for professional services rendered or to be rendered and expenses incurred or to be incurred by KTB&S on behalf of the Debtors, with the understanding that any amount remaining after payment of prepetition fees and expenses would be held by KTB&S as a retainer for post-petition fees and expenses.

22.    As of the Petition Date, based upon prepetition fees and expenses that have been identified and accounted for as of the date hereof, and assuming application of all such fees

and expenses against the Retainer, KTB&S had approximately $172,491.30 remaining in the

Retainer.  Those remaining funds will be applied by KTB&S to pay prepetition fees and costs

that are subsequently identified and accounted for.  Any balance existing after all such

applications will be treated as an "evergreen" retainer, to be available for the first payment of

KTB&S's Court-approved postpetition fees and expenses (and thereafter to subsequent payments

of KTB&S's Court-approved postpetition fees and expenses, if applicable).  In the event of a

deficiency in the Retainer after application to prepetition fees and expenses, KTB&S has agreed

to waive any resulting prepetition claim against the Debtors.

        23.    Since November 1, 2009, the total aggregate amount of fees earned and

expenses incurred by KTB&S on behalf of the Debtors, as identified and accounted for by

KTB&S as of the date hereof, was approximately $1,200,689.36.  Of that amount, $1,195,499.50

is attributable to prepetition fees and $5,189.86 is attributable to prepetition expenses.  During

the same period, the Debtors paid KTB&S an aggregate amount of $1,168,843.86 in addition to

the $204,336.80 held by KTB&S as the Retainer, for a total of $1,373,180.66.  The balance of

$172,491.30 ($1,373,180.66 - $1,200,689.36) is the amount of the remaining, unapplied Retainer

funds referred to above.  The Debtors understand that it is possible that not all of KTB&S

prepetition fees and expenses were identified and accounted for as of the Petition Date or as of

the date hereof.  As such amounts are posted, the amount of prepetition fees and expenses will

increase and the amount of the remaining Retainer funds will decrease.  Attached as Exhibit 1 to

the Klee Declaration is a schedule of (i) invoices sent by KTB&S to the Debtors for services and

expenses since November 1, 2009 and (ii) payments made by the Debtors to KTB&S in response

to such invoices.

24.    KTB&S intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in these cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the United States Trustee fee guidelines, and any orders entered in these cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.  KTB&S will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtors in these cases at the then-current hourly rates charged for such services as referenced above.

25.    KTB&S has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estates, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues, or tasks addressed in these cases.

26.    Other than as set forth above and in the Klee Declaration, no arrangement is proposed between the Debtors and KTB&S for compensation to be paid in these cases.

### NOTICE

27.    Notice of this Application has been given to (a) the United States Trustee for the Southern District of New York; (b) counsel to the administrative agent under the Debtors' prepetition credit agreement; and (c) the parties listed in the consolidated list of fifty largest unsecured creditors filed by the Debtors in these bankruptcy cases.  The Debtors submit that no other or further notice need be provided.

### NO PRIOR REQUEST

28.    No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit B, (i) authorizing the employment and retention of KTB&S, effective as of the Petition Date, on the terms described above and (ii) granting such other and further relief as is just and proper.

Dated:  November 3, 2010

METRO-GOLDWYN-MAYER STUDIOS INC., et al.

By: _____
NAME
TITLE  SEVP