UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                           :

In re:                                     :   Chapter 11
                                                           :

METRO-GOLDWYN-MAYER STUDIOS   :   Case No. 10-15774 (SMB)
INC., <u>et al.</u>,                             :
                                                           :

             Debtors.        :   (Jointly Administered)
                                                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

### ORDER (A) AUTHORIZING THE DEBTORS TO ENTER INTO A COMMITMENT LETTER AND A FEE LETTER IN CONNECTION WITH EXIT FINANCING AND TO PERFORM THEIR OBLIGATIONS THEREUNDER, AND (B) ACCORDING ADMINISTRATIVE EXPENSE PRIORITY STATUS TO RELATED FEES AND EXPENSES

Upon the motion (the "<u>Motion</u>")[1] of the Debtors for an order (this "<u>Order</u>") under

sections 363(b), 105(a) and 503(b)(1) of the Bankruptcy Code (a) authorizing but not directing

the Debtors to enter into the Commitment Letter and Fee Letter and perform their obligations

thereunder, and (b) according administrative expense priority status to fees and expenses

incurred in connection with the Exit Financing Documents; and due and sufficient notice of the

Motion having been given under the particular circumstances; and it appearing that no other or

further notice is necessary except as provided herein; and it appearing that the relief requested by

the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in

interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is

hereby

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.  ~~The Motion is GRANTED as set forth herein.~~  **SMB 11/12/10**

2.  The Debtors are authorized to enter into the Commitment Letter and the Fee Letter and to perform their obligations thereunder.

3.  The Debtors are authorized, but not directed, to pay the fees of Commitment Parties according to the terms of the Fee Letter.

4.  The Debtors are authorized, but not directed, to pay the out-of-pocket fees and expenses of the Commitment Parties according to the terms of the Commitment Letter, and to make such payments to the Commitment Parties as are necessary to ensure the funds constituting the Deposit do not fall below $200,000.

5.  The fees of the Commitment Parties and the out-of-pocket fees and expenses of the Commitment Parties are actual, necessary costs and expenses of preserving the Debtors' estates and shall be treated as allowed administrative expenses under section 503(b) of the Bankruptcy Code and may be paid without further order of the Court.

6.  The indemnification obligations contained in the Commitment Letter are hereby approved. The Debtors are authorized to indemnify the Commitment Parties and any other applicable Indemnified Party in accordance with the terms of the Commitment Letter.

7.  The relief granted by this Order shall apply to any Additional Debtor in these jointly-administered cases without further order of this Court. A debtor shall be deemed an Additional Debtor upon the filing of a motion to have such debtor's chapter 11 case jointly administered with the chapter 11 cases of the Debtors.

8.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:    New York, New York
          November 12, 2010

                                        **/s/  STUART M. BERNSTEIN**
                                        UNITED STATES BANKRUPTCY JUDGE