KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Telephone:  (310) 407-4000
Kenneth N. Klee, Esq.
Michal L. Tuchin, Esq.
David A. Fidler, Esq.

Bankruptcy Co-Counsel for
Debtors and Debtors in Possession


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
METRO-GOLDWYN-MAYER STUDIOS        :    Case No. 10-15774 (SMB)
INC., et al.,                                                   :
                                                                 :
                        Debtors.[1]                              :    (Jointly Administered)
                                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x


# FIRST AND FINAL APPLICATION OF
## KLEE, TUCHIN, BOGDANOFF & STERN LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS BANKRUPTCY CO-COUNSEL TO THE DEBTORS FOR THE PERIOD NOVEMBER 3, 2010 THROUGH DECEMBER 19, 2010

---

[1] The names of the Debtors in these jointly administered cases are identified on Exhibit A hereto.

| | |
|---|---|
| Name of Applicant: | Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S") |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | December 2, 2010, *nunc pro tunc* to Petition Date |
| Period for which compensation and reimbursement is sought: | November 3, 2010 through December 19, 2010 |
| Amount of compensation for sought as actual, reasonable and necessary: | $281,312.50 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $7,780.53 |
| Voluntary reductions: | $11,827.50 |
| Total compensation and expenses previously requested and awarded: | None |

This is a(n):　　☐ Monthly　　☐ Interim　　☒ Final Application.

## COMPENSATION BY PROFESSIONAL PERSON
## (November 3, 2010 - December 19, 2010)

| Name of Professional Individual | Year of Admission | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Kenneth N. Klee | 1975 | $975.00 | 1.60 | $1,560.00 |
| David M. Stern | 1975 | $895.00 | 4.50 | $4,027.50 |
| Lee R. Bogdanoff | 1985 | $895.00 | 16.60 | $14,857.00 |
| Michael L. Tuchin | 1990 | $895.00 | 217.30 | $194,483.50 |
| Martin R. Barash | 1992 | $715.00 | 28.10 | $20,091.50 |
| David A. Fidler | 1998 | $680.00 | 60.70 | $41,276.00 |
| **TOTAL PARTNERS** | | | **328.80** | **$276,295.50** |
| **ASSOCIATES** | | | | |
| Courtney E. Pozmantier | 2006 | $470.00 | 4.10 | $1,927.00 |
| **TOTAL ASSOCIATES** | | | **4.10** | **$1,927.00** |
| **PARALEGALS** | | | | |
| Shanda D. Dahl | Paralegal | $250.00 | 5.90 | $1,475.00 |
| **TOTAL PARALEGALS** | | | **5.90** | **$1,475.00** |
| **LAW CLERKS** | | | | |
| Jonathan M. Weiss | Law Clerk | $170.00 | 2.20 | $374.00 |
| Matthew K. Larsen | Law Clerk | $170.00 | 7.30 | $1,241.00 |
| **TOTAL LAW CLERKS** | | | **9.50** | **$1,615.00** |

**Grand Total:**         $281,312.50
**Total Hours:**          348.30
**Blended Rate:**         $807.67

## SUMMARY OF COMPENSATION BY CATEGORY

| Project Categories | Total Hours Billed | Total Fees |
|---|---|---|
| 010 – Case Administration | 0.20 | $179.00 |
| 020 - Meeting & Communications | 0.30 | $255.00 |
| 030 - Business Operations | 78.80 | $68,814.00 |
| 040 – Fee/ Employment Applications | 18.10 | $10,256.50 |
| 060 - Financing | 51.10 | $44,616.50 |
| 070 - Claims Administration & Objections | 0.20 | $179.00 |
| 080 – Asset Analysis & Recovery | 44.90 | $35,159.50 |
| 090 - Asset Disposition | 1.70 | $1,521.50 |
| 100 - Plan / Disclosure Statement | 105.40 | $87,715.00 |
| 110 - Employee Benefits / Plans | 2.80 | $2,506.00 |
| 120 – Litigation | 4.80 | $4,296.00 |
| 190 - Executory Contracts | 1.50 | $1,256.50 |
| 200 - Real Property Leases | 38.50 | $24,558.00 |
| **Total:** | **348.30** | **$281,312.50** |

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---|
| Duplicating | $38.80 |
| Legal Research | $965.48 |
| Messenger and Overnight Mail | $50.56 |
| Telephone (Conference Calls) | $20.34 |
| Travel | $6,705.35 |
| **Total:** | **$7,780.53** |

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Telephone: (310) 407-4000
Kenneth N. Klee, Esq.
Michal L. Tuchin, Esq.
David A. Fidler, Esq.

Bankruptcy Co-Counsel for
Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :    Chapter 11
                                          :
METRO-GOLDWYN-MAYER STUDIOS               :    Case No. 10-15774 (SMB)
INC., et al.,                             :
                                          :
                                          :
              Debtors.[2]                 :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**FIRST AND FINAL APPLICATION OF
KLEE, TUCHIN, BOGDANOFF & STERN LLP FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES AS BANKRUPTCY CO-COUNSEL TO THE
DEBTORS FOR THE PERIOD NOVEMBER 3, 2010 THROUGH DECEMBER 19, 2010**

---

[2]      The names of the Debtors in these jointly administered cases are identified on Exhibit A hereto.

127657_3

Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S"), bankruptcy co-counsel to the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" or the "Company"), hereby submits this final application (the "Final Fee Application"), seeking allowance, on a final basis, of compensation and reimbursement of expenses under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") for the period November 3, 2010 through and including December 19, 2010 (the "Entire Case Period").  In support of the Final Fee Application, KTB&S represents as follows:

## I.

## JURISDICTION

1.      This Court has jurisdiction to consider this Final Fee Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Final Fee Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Bankruptcy Code sections 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").  This Final Fee Application has been prepared in accordance with the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases*, adopted by the Court on November 25, 2009 (the "Local Guidelines"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (Appendix A to 28 C.F.R. § 58), dated May 17, 1996 (the "UST Guidelines," and together with the Local Guidelines, the "Guidelines").  A certification regarding compliance with the Guidelines is attached hereto as Exhibit B.

## II.

## BACKGROUND

2.      On November 3, 2010 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

127657_3

3.     On the Petition Date, the Debtors also filed their *Joint Prepackaged Plan of Reorganization of Metro-Goldwyn-Mayer Studios, Inc. and Certain of its Affiliates* (the "Original Plan"), a disclosure statement describing the Plan, and a motion to approve certain modifications to the Original Plan.  Thereafter, on November 23, 2010, the Debtors filed their *Amended Joint Prepackaged Plan of Reorganization of Metro-Goldwyn-Mayer-Studios Inc. and Certain of its Affiliates* (the "Plan").[3]  The Plan provides for the payment in full of Allowed Administrative Claims and Priority Claims.

4.     On December 6, 2010, the Court entered its *Findings of Fact, Conclusions of Law and Order (I) Approving (A) the Disclosure Statement, (B) Solicitation of Votes and Voting Procedures, and (C) Forms of Ballots and (II) Confirming the Amended Joint Prepackaged Plan of Reorganization of Metro-Goldwyn-Mayer-Studios Inc. and Certain of its Affiliates* (Docket No. 173), whereby the Court confirmed the Plan.

5.     On December 20, 2010, the Plan became effective (the "Effective Date") and the Debtors emerged from bankruptcy (collectively, the "Reorganized Debtors").

### III

### RETENTION OF KTB&S

6.     On November 3, 2010, the Debtors applied to the Court for an order authorizing the retention of KTB&S pursuant to an engagement agreement dated October 5, 2010 (the "Engagement Agreement") as their bankruptcy co-counsel, effective as of the Petition Date, to provide the following professional services:

      (a)    provide legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their businesses and management of their properties;

      (b)    prepare on behalf of the Debtors necessary applications, motions, answers, orders, reports, and other legal papers;

---

[3]     Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Plan.

    (c)      appear in Court on behalf of the Debtors and in order to protect the interests of the Debtors before the Court;

    (d)      prepare and pursue confirmation of a plan and approval of a disclosure statement and/or a sale of the Debtors' assets pursuant to section 363 of the Bankruptcy Code; and

    (e)      perform other legal services for the Debtors that may be necessary and proper in the proceedings.

7.      On December 2, 2010, the Court entered an order (the "Retention Order") (Docket No. 158) authorizing the Debtors to employ KTB&S as their bankruptcy co-counsel effective as of the Petition Date pursuant to the terms of the Engagement Agreement. A copy of the Retention Order is attached hereto as Exhibit C.

8.      The Plan requires the filing of all final fee applications by no later that sixty (60) days after the Effective Date, or February 18, 2011.

9.      In compliance with the Plan, KTB&S is filing this Final Fee Application for compensation for professional services rendered and reimbursement of expenses incurred in these cases during the Entire Case Period.

## IV.

## PREPETITION RETAINER

10.      As disclosed to the Court in the application and related materials filed in support of KTB&S's retention in these cases (the "Retention Application") (Docket No. 67), as of November 1, 2009, KTB&S held a retainer (the "Retainer") in the amount of $204,336.80 for professional services rendered and expenses incurred by KTB&S on behalf of the Debtors, with the understanding that any amounts remaining after the payment of KTB&S's prepetition fees and expenses would be held by KTB&S as a retainer for post-petition fees and expenses. Pursuant to the terms of the Engagement Agreement, KTB&S's fees are based on its standard hourly rates, which are periodically adjusted.

11.      As of the Petition Date, based upon the prepetition fees and expenses that KTB&S identified and accounted for, and after applying the Retainer against such prepetition fees and

expenses, KTB&S had approximately $169,520.27[4] remaining in the Retainer. Those remaining funds in the Retainer will be applied by KTB&S toward the postpetition fees and expenses that are approved by this Court. KTB&S will seek the remainder of its Court-approved fees and expenses directly from the Reorganized Debtors.

## V.

## RELIEF REQUESTED

12.    By this Final Fee Application, KTB&S respectfully applies for an order of this Court: (1) allowing, on a final basis, compensation to KTB&S in the amount of $289,093.03, representing $281,312.50 in professional fees and $7,780.53 in actual and necessary expenses; (2) authorizing KTB&S to apply the Retainer against its allowed fees and expenses; (3) authorizing and directing the Reorganized Debtors to pay the remaining unpaid balance of KTB&S's fees and expenses after application of the Retainer in an amount equal to $119,572.76; (4) approving and allowing an additional amount (estimated at $20,000) for the fees and expenses incurred by KTB&S after the Effective Date in preparing this Final Fee Application, and traveling to and appearing at the hearing thereon if necessary;[5] and (5) granting to KTB&S such other and further relief that is consistent with the foregoing and that the Court deems necessary and appropriate.

13.    In the exercise of its billing discretion, KTB&S voluntarily wrote off $11,827.50 in fees during the Entire Case Period (including writing off 1/2 of all non-working travel time) representing 16.80 hours of service.[6] Moreover, KTB&S did not bill for meals (including meals while traveling and meals with the Debtors' personnel), secretarial overtime, word processing, proof reading, or other clerical services.

---

[4]    KTB&S's Retention Application disclosed that as of the Petition Date KTB&S held $172,491.30 in the Retainer. Subsequent to the filing of the Retention Application, KTB&S identified $2,971.03 in additional prepetition fees and expenses that were not previously accounted for, and, as permitted by the Retention Order, applied the Retainer against those prepetition fees and expenses.

[5]    If KTB&S is not required to travel to the hearing on the Final Fee Application, the requested amount will be substantially less.

[6]    This calculation includes 9.60 "No Charge" hours of service (equating to $8,574.50) and 7.20 "Do Not Bill" hours of service (equating to $3,253.00) for a total of 16.80 hours of uncharged time. The "No Charge" hours appear on KTB&S's detailed time entries (see Exhibit D) but the "Do Not Bill" entries do not.

## VI.

## BASIS FOR RELIEF

14.     KTB&S submits that the legal services and advice that it rendered to the Debtors in connection with their chapter 11 cases during the Entire Case Period were necessary and beneficial to the Debtors, their creditors and their estates.  KTB&S was actively involved in several aspects of these cases and provided a high level of service to the Debtors.  KTB&S's proximity to the Debtors permitted KTB&S to handle many of the day-to-day issues that arose in these cases and attend meetings with the Debtors in an efficient and cost-effective manner. Moreover, KTB&S worked closely with the Debtors' bankruptcy co-counsel, Skadden, Arps, Slate, Meagher & Flom LLP and the Debtors' management to coordinate efforts and reduce duplication of service.  KTB&S professionals devoted substantial time to researching, drafting, analyzing, negotiating and resolving numerous issues relating to the Plan and the cases in general.

15.     During the Entire Case Period, a KTB&S professionals devoted a total of 348.30 hours to representation of the Debtors in their chapter 11 cases.  A schedule showing the name and position of each partner, associate, paralegal and law clerk that worked on these cases, together with that person's first date of admission to the bar (if applicable), hours worked during the Entire Case Period, and hourly billing rate are provided at the front of this Final Fee Application.

## VII.

## SUMMARY OF SERVICES RENDERED

16.     In accordance with the Guidelines, KTB&S classified all services performed for which compensation is being sought into categories.  KTB&S attempted to place the services performed in the category that best related to the service provided.  However, because certain services may relate to one or more categories, services pertaining to one category may, in fact, be included in another category.

127657_3

17.     The following is a summary of the activity categories used by KTB&S in these cases and the aggregate fees incurred in each activity category during the Entire Case Period:

| Project Categories | Total Hours Billed | Total Fees |
|---|---|---|
| 010 – Case Administration | 0.20 | $179.00 |
| 020 - Meeting & Communications | 0.30 | $255.00 |
| 030 - Business Operations | 78.80 | $68,814.00 |
| 040 – Fee/ Employment Applications | 18.10 | $10,256.50 |
| 060 - Financing | 51.10 | $44,616.50 |
| 070 - Claims Administration & Objections | 0.20 | $179.00 |
| 080 – Asset Analysis & Recovery | 44.90 | $35,159.50 |
| 090 - Asset Disposition | 1.70 | $1,521.50 |
| 100 - Plan / Disclosure Statement | 105.40 | $87,715.00 |
| 110 - Employee Benefits / Plans | 2.80 | $2,506.00 |
| 120 – Litigation | 4.80 | $4,296.00 |
| 190 - Executory Contracts | 1.50 | $1,256.50 |
| 200 - Real Property Leases | 38.50 | $24,558.00 |
| **Total:** | **348.30** | **$281,312.50** |

18.     Attempting to describe in detail the numerous discrete services that KTB&S provided to the Debtors in the Entire Case Period would not be practical.  As such, this Final Fee Application highlights some of the more significant services rendered in each activity category during the Entire Case Period.  In addition, KTB&S's detailed time entries for the Entire Case Period are attached hereto as Exhibit D.

**A.      Case Administration - 010.**

19.      This category includes time spent reviewing and revising the agenda for, and notice of, the "first-day" hearing in the Debtors' cases and other administrative tasks.

Fees:      $179.00      Hours:      0.20

**B.      Meetings/ Communications - 020.**

20.      KTB&S rendered limited services in this category responding to general inquiries from creditors about the Debtors' chapter 11 cases.

Fees:      $255.00      Hours:      0.30

**C.      General Business Operations - 030.**

21.      This category includes time spent by KTB&S attorneys revising the various "first-day" motions filed by the Debtors and preparing orders thereon; resolving utility issues; preparing a communications package regarding the Debtors' bankruptcy filings; traveling to, preparing for and appearing at hearings; preparing for and attending meetings of the Debtors' board of directors; analyzing important development rights and negotiating with parties in interest regarding such rights; and consulting with the Debtors' management regarding pending operational issues, cash management concerns and other maters in these cases.

Fees:      $68,814.00      Hours:      78.80

**D.      Fee/ Employment Applications - 040.**

22.      KTB&S incurred fees in this category preparing the Retention Application and related pleadings, analyzing and addressing the U.S. Trustee's concerns regarding retention applications and preparing this Final Fee Application.

Fees:      $10,256.50      Hours:      18.10

**E.    Financing - 060.**

23.    KTB&S assisted the Debtors in negotiating and preparing interim and final orders permitting the Debtors' consensual use of cash collateral.  KTB&S took the lead in negotiating the Debtors' use of cash collateral with the lenders under the Debtors' DDI Credit Agreement and UAPF Credit Agreement (as those terms are defined in that cash collateral order (Docket No. 54)) and also prepared revisions to the stipulated cash collateral orders with the lenders under the Debtors' prepetition Credit Agreement.  KTB&S also assisted the Debtors with respect to the implementation of a $500 million exit financing facility entered into by the Reorganized Debtors on the Effective Date.  KTB&S analyzed and revised the Confidential Information Memorandum in respect of the exit financing, the exit financing term sheet, commitment letters and fee letter, and reviewed various versions of the draft exit financing agreement.

Fees:    $44,616.50    Hours:    51.10

**F.    Claims Administration/ Objections - 070.**

24.    Time billed to this category was *de minimis* as there was no general bar date established in the cases.

Fees:    $179.00    Hours:    0.20

**G.    Asset Analysis & Recovery - 080.**

25.    KTB&S incurred fees in this category analyzing the Debtors' intellectual property licenses and researching and preparing a memorandum regarding intellectual property issues.

Fees:    $35,159.50    Hours:    44.90

**H.      Asset Disposition - 090.**

26.      KTB&S rendered limited services in this category, mainly relating to advising the Debtors' management on issues relating to Lion's Gate's potential interest in a transaction involving the Debtors.

        Fees:        $1,521.50        Hours:      1.70

**I.      Plan/ Disclosure Statement - 100.**

27.      On the Petition Date, the Debtors filed the Original Plan, which Original Plan was accepted by approximately 80% in number and amount of the single class -- Class 3 Credit Agreement Claims (as that term is defined in the Plan) -- entitled to vote on the Original Plan. Despite having sufficient votes to confirm the Original Plan, the Debtors and a subcommittee of the Debtors' lenders continued to solicit feedback from and try to find common ground with certain holders of Class 3 Credit Agreement Claims, including affiliates of Carl Icahn, who would own a significant amount of stock in the Reorganized Debtors and did not support the Original Plan. After extensive negotiations, the parties agreed to certain proposed amendments to the Original Plan and certain related transaction documents, which agreement resulted in approximately 96% of the holders of Credit Agreement Claims ultimately voting to accept the Plan.  KTB&S was intimately involved in the efforts to negotiate and document the Plan modifications, which were incorporated into the amended Plan which was filed on November 23, 2010.

28.      In addition to the foregoing, KTB&S was primarily responsible for addressing concerns relating to the Original Plan raised by other parties in interest, including NBC, Fox and Danjaq, and negotiating and preparing plan modifications to address those concerns.  None of those parties objected to the Plan

29.      Other services rendered by KTB&S in this category include (1) responding to inquiries from various creditors regarding the Plan, (2) revising the Debtors' memorandum and related pleadings in support of confirmation of the Plan, as well as the findings of fact,

14

conclusions of law and order in respect of confirmation; and (3) preparing for and attending the confirmation hearing on the Plan.

Fees:  $87,715.00  Hours:  105.40

**J.  Employee Benefits/ Plans - 110.**

30.  KTB&S billed time to this category advising the Debtors' management on bankruptcy issues impacting certain employee benefits, including certain of the Debtors' plans.

Fees:  $2,506.00  Hours:  2.80

**K.  Litigation - 120.**

31.  Time billed in this category by KTB&S primarily relates to preparing a complaint against Lakeshore Entertainment Group LLC relating to a prepetition dispute between the Debtors and Lakeshore relating to funds held by Lakeshore in connection with the movie *Fame*. The parties continue to negotiate and the Reorganized Debtors hope that litigation will not be necessary.

Fees:  $4,296.00  Hours:  4.80

**L.  Executory Contracts - 190.**

32.  KTB&S billed time to this category conferring with the Debtors' management regarding certain contracts with Showtime and Fox.

Fees:  $1,256.50  Hours:  1.50

**M.  Real Property Leases - 200.**

33.  The Debtors' headquarters are located in a 35-story office building in Los Angeles, California.  Pursuant to a lease agreement (the "Lease") with Constellation Place, LLC (the "Landlord"), prepetition the Debtors leased 13 floors (plus part of the basement and

15

part of the ground floor) in the office building, equating to approximately 341,000 square feet of space. Of those 13 floors, the Debtors subleased 3 floors to ICM. Net of the monthly rent realized by MGM from the ICM sublease, the Debtors' prepetition monthly rent totaled approximately $1.5 million.

34. Prior to the filing of the chapter 11 cases, the Debtors determined that they did not require all of the space rented at the building, and initiated negotiations with the Landlord regarding a modification of the Lease to reduce the size of its premises and the aggregate rent obligations under the Lease, and to give the Debtors additional time to make a decision regarding rejection or assumption of the lease. After extensive negotiations, the Debtors and the Landlord entered into a "Space Reduction Agreement," which resulted in, among other things: (i) a reduction in the Debtors' monthly rent obligations by about $375,000, (ii) the fixing of the Landlord's rejection damage claim (should the Lease be rejected), (iii) certain Lease modifications, and (iv) an extension of time for the Debtors to assume or reject the Lease for a period of 12 months after the Effective Date of the Plan, i.e., until approximately December 20, 2011.

35. Working with the Debtors' management, KTB&S led the legal effort to negotiate and prepare the Space Reduction Agreement and the pleadings related thereto, and obtain Court approval of the Space Reduction Agreement. KTB&S also analyzed and researched numerous bankruptcy issues relating to the Space Reduction Agreement, the Lease, and the ICM sublease. KTB&S also billed time to preparing for and attending the hearing on the motion to approve the Space Reduction Agreement, which motion was approved by the Court on November 12, 2010 (Docket No. 125).

Fees: $24,558.00   Hours: 38.50

## VIII.

## SUMMARY OF COSTS AND EXPENSES

36. KTB&S incurred actual and necessary out-of-pocket expenses in connection with its performance of professional services on behalf of the Debtors during the Entire Case Period.

As such, the narrative below describes KTB&S's accounting procedures for the general categories of costs and expenses for which it is seeking reimbursement.  These costs and expenses were billed to the Debtors at the rates KTB&S customarily applies to its debtor and non-debtor clients.  A summary of KTB&S's expenses for the Entire Case Period is also attached hereto as Exhibit E.

**A.      Duplicating.**

37.      KTB&S's internal photocopying projects are billed to the client at the cost of $0.20 per page.  This rate is uniformly set by KTB&S and is comparable to the rate charged by a substantial number of other law firms in its community in both bankruptcy and non-bankruptcy engagements.  The total amount of Duplicating expenses incurred by KTB&S during the Entire Case Period was $38.80.

**B.      Legal Research.**

38.      It sometimes becomes necessary and cost-efficient for KTB&S to research by means of computer research services such as LEXIS/NEXIS.  KTB&S bills the actual cost of these services directly to its clients without any surcharge.  The total amount of Legal Research expenses incurred by KTB&S during the Entire Case Period was $965.48.

**C.      Messenger Service / Overnight Delivery.**

39.      When the exigencies require, KTB&S uses messenger services and overnight courier services, such as Federal Express, to deliver documents.  KTB&S charges its clients for the costs of such services without any additional mark-up.  The total amount of Messenger Service / Overnight Delivery expenses incurred by KTB&S during the Entire Case Period was $50.56.

**D.      Telephone (Conference Calls).**

40.      KTB&S bills the actual cost of telephone services directly to its clients, without any surcharge.  The total amount of Telephone expenses incurred by KTB&S during the Entire Case Period was $20.34.

**E.     Travel.**

41.     KTB&S incurred expenses in this category for traveling to Court hearings and to meetings with its clients and other affected constituencies. This category includes expenses for airfare, local transportation and hotel. KTB&S billed for coach travel for all airfare charges. The total amount of Travel expenses incurred by KTB&S during the Entire Case Period was $6,705.35.

## IX.

## REQUEST FOR FINAL COMPENSATION

42.     Bankruptcy Code section 330 authorizes the Court to award "reasonable compensation for actual, necessary services rendered by the . . . professional person . . . ." 11 U.S.C. § 330. In order to evaluate a request for allowance of fees by a professional person, a court must determine whether the services rendered were actual and necessary and the fees requested are reasonable. KTB&S respectfully submits that its request for a final award of compensation for the Entire Case Period satisfies that standard.

43.     The services rendered by KTB&S have required an expenditure of substantial time and effort. KTB&S achieved cost efficiencies by employing a streamlined case management structure by coordinating its efforts with bankruptcy co-counsel to reduce duplication of effort. Based on the skill brought to bear in these cases by KTB&S and the results obtained, KTB&S submits that the compensation requested herein is reasonable and appropriate. As set forth above, KTB&S is requesting final approval of compensation for services rendered during the Entire Case Period in the amount of $281,312.50 and reimbursement for expenses incurred in the amount of $7,780.53.

44.     Other than between the members of KTB&S, no agreement or understanding exists between KTB&S and any other person or persons for the sharing of compensation received or to be received for professional services rendered or in connection with these cases, nor will any be made.

## X.

## COMPLIANCE WITH GUIDELINES

45.    KTB&S believes that this Final Fee Application, together with the attachments hereto, substantially complies in all material respects with the Guidelines.  The Debtors have paid all quarterly fees currently due and payable to the U.S. Trustee.  To the extent that this Final Fee Application does not comply in every respect with the requirements of such Guidelines, KTB&S respectfully requests a waiver for any such technical non-compliance.

## XI.

## NOTICE

46.    Notice of this Final Fee Application has been provided to: (a) the U.S. Trustee for the Southern District of New York; (b) counsel to the administrative agent under the Debtors' prepetition credit agreement; and (c) the parties listed in the consolidated list of fifty (50) largest unsecured creditors filed by the Debtors in these bankruptcy cases.  KTB&S submits that under the circumstances no further notice is necessary.

## XII.

## CONCLUSION

47.    KTB&S believes that the services rendered for which compensation is sought in this Application have been beneficial to the estates, that the costs incurred have been necessary and proper, and that the sums requested for the services rendered and the costs incurred are fair and reasonable.

**WHEREFORE,** KTB&S respectfully requests entry of an order of this Court: (1) allowing, on a final basis, compensation to KTB&S in the amount of $289,093.03, representing $281,312.50 in professional fees and $7,780.53 in actual and necessary expenses; (2) authorizing KTB&S to apply the Retainer against its allowed fees and expenses; (3) authorizing and directing the Reorganized Debtors to pay the remaining unpaid balance of KTB&S's fees and expenses after application of the Retainer in an amount equal to $119,572.76; (4) approving and

allowing an additional an additional amount (estimated at $20,000) for the fees and expenses incurred by KTB&S after the Effective Date in preparing this Final Fee Application, and traveling to and appearing at the hearing thereon if necessary;[7] and (5) granting to KTB&S such other and further relief that is consistent with the foregoing and that the Court deems necessary and appropriate.

DATED: January 14, 2011                       /s/ Michael L. Tuchin
                                                          MICHAEL L. TUCHIN, an Attorney with
                                                          KLEE, TUCHIN, BOGDANOFF & STERN LLP
                                                          *Bankruptcy Co-Counsel to Debtors*

---

[7]     As noted, if KTB&S is not required to travel to the hearing on the Final Fee Application, the requested amount will be substantially less.

20